## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 25-0171-JGB (AS) | Date | January 31, 2025 |
|---|---|---|---|

| Title | Cedric Green v. Travis Pennington |
|---|---|

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:**    **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On January 22, 2025, Cedric Green ("Petitioner"), a state prisoner proceeding through counsel, filed the pending Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). (Docket ("Dkt.") No. 1). The Petition raises two grounds for relief. (Petition at 14-27). Ground One alleges Petitioner was denied due process of law when the California Board of Parole Hearings ("BPH") denied Petitioner parole on September 15, 2021. (Petition at 6, 14-22; see also Petition, Exh. H). Ground Two alleges Petitioner was denied his right to the effective assistance of counsel when defense counsel failed to present mitigating evidence at Petitioner's April 20, 1998 sentencing hearing. (Petition at 6, 22-27).

### I.
### RELEVANT BACKGROUND

On February 25, 1998, in People v. Green, San Mateo County Superior Court case no. SC41613A ("Green I"), a jury found Petitioner guilty of one count of robbery in violation of California Penal Code ("P.C.") § 212.5(c) and also found the allegation under P.C. § 1203.09(f) that the victim was sixty years or older to be true. (Petition, Exh. P at 211). On April 20, 1998, the trial court sentenced Petitioner to thirty-five-years-to-life in state prison pursuant to California's Three Strikes law, P.C. §§ 667(b)-(i) and 1170.12(a)-(d). (Petition, Exh. A, Exh. P at 319-21).

Petitioner appealed the Green I judgment to the California Court of Appeal, which affirmed the judgment on September 30, 1999. (Petition, Exh. G). Thereafter, Petitioner filed a petition for review in the California Supreme Court, which denied the petition on December 15, 1999. (Petition, Exh. B).

Petitioner next filed a habeas corpus petition challenging the Green I judgment in the United States District Court for the Northern District of California. Green v. Knowles, United States District Court for

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 25-0171-JGB (AS) | Date | January 31, 2025 |
|---|---|---|---|

| Title | Cedric Green v. Travis Pennington | | |

the Northern District of California case no. 02-5455-CRB ("Green II").[1]  However, on October 22, 2003, the Northern District dismissed Green II as untimely.  Green v. Knowles, 2003 WL 22434105, *1-3 (N.D. Cal. 2003).  On June 24, 2004, the Ninth Circuit Court of Appeals denied a certificate of appealability in Green II.  (Green II, Dkt. No. 19).  Petitioner subsequently sought to vacate the judgment in Green II, and the district court denied his motion.  Green v. Knowles, 2007 WL 2345022, *1 (N.D. Cal. 2007); (see also Green II, Dkt. Nos. 23, 29, 36-37).  On December 4, 2007, the Ninth Circuit Court of Appeals again denied a certificate of appealability.  (Green II, Dkt. No. 44).

On May 8, 2007, Petitioner filed another habeas corpus petition in the United States District Court for the Northern District of California, which dismissed the petition as a second or successive petition on June 8, 2007.  Green v. Subia, United States District Court for the Northern District of California case no. 07-2474-CRB ("Green III", Dkt. Nos. 1, 6).

On October 8, 2013, Petitioner again filed a habeas corpus petition in the United States District Court for the Northern District of California, which dismissed the petition as a second or successive petition on November 13, 2013.  Green v. Knipp, United States District Court for the Northern District of California case no. 13-4667-CRB ("Green IV", Dkt. Nos. 1, 6).  On June 24, 2014, the Ninth Circuit denied a certificate of appealability.  (Green IV, Dkt. No. 17).

On September 15, 2021, the BPH held a parole hearing for Petitioner, and denied him parole for five years.  (Petition, Exh. H).  Petitioner filed a habeas corpus petition challenging the BPH's decision in San Mateo Superior Court, which denied the petition on November 22, 2022.  (Petition, Exh. D).

On July 8, 2022, Petitioner filed a habeas corpus petition challenging the judgment in Green I in San Mateo Superior Court, which denied the petition as successive and because it failed to allege facts sufficient to establish a prima facie case for relief.  (Petition, Exhs. C, I).  Petitioner next filed a habeas corpus petition in the California Court of Appeal, which denied the petition on February 16, 2023.  (Petition, Exh. E).  Thereafter, Petitioner filed a habeas corpus petition in the California Supreme Court, which denied the petition on January 24, 2024.  (Petition, Exh. F).

### II.
### DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a

---

[1]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheets and relevant documents in Green II and the other federal cases Petitioner filed that are discussed herein.  See Ray v. Lara, 31 F.4th 692, 697 n.4 (9th Cir. 2022) ("We may take judicial notice of district court records."); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV 25-0171-JGB (AS) | Date | January 31, 2025 |
|---|---|---|---|
| Title | Cedric Green v. Travis Pennington | | |

district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based upon the Petition and the federal and California state court records discussed herein, the Court orders Petitioner to show cause why the Petition should not be dismissed without prejudice.

First, the pending Petition attacks both the Green I judgment and the BPH's 2021 decision to deny Petitioner parole. This is improper. See 28 foll. U.S.C. § 2254, Rule 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); Bianchi v. Blodgett, 925 F.2d 305, 308–11 (9th Cir. 1991) (affirming dismissal of federal habeas corpus petition without prejudice under former Rule 2(d) (now Rule 2(e)) when petition challenged the judgments of two different state courts); Flores v. Taylor, 2023 WL 7626587, *1 (E.D. Cal.) ("No habeas petitioner can challenge different determinations, regardless of whether they were judicial or administrative, in a single action."), report and recommendation adopted by, 2023 WL 8242266 (E.D. Cal. 2023), appeal dismissed by, 2024 WL 1132361 (9th Cir. 2024); Woods v. California, 2014 WL 1128430, *1 (S.D. Cal. 2014) ("[T]he Petition in this matter, as written, challenges Petitioner's April 29, 1987, conviction as well as his recent parole denial, and Rule 2(e) of the Rules following 28 U.S.C. § 2254 precludes the Court from considering two such challenges in the same petition.").

Second, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody[.]" Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,]" Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. § 2244(b)(3)(A)); Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998), and the appellate court "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244(b)(2)." Burton, 549 U.S. at 153. "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler v. Cain, 533 U.S. 656, 661-62 (2001) (citations omitted); see also Magwood, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that . . . no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). "A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." Rishor v. Ferguson, 822 F.3d 482, 490 (9th Cir. 2016); Burton, 549 U.S. at 153. Here, to the extent the Petition attacks the Green I judgment, it appears to be an unauthorized second or successive petition.

Third, while venue is proper in a habeas action in either the district of conviction or the district of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 25-0171-JGB (AS) | Date | January 31, 2025 |
|---|---|---|---|

| Title | Cedric Green v. Travis Pennington |
|---|---|

confinement, see 28 U.S.C. § 2241(d), in cases in which a habeas petition is directed to the petitioner's underlying conviction or sentence, the district court for the district in which the petitioner was convicted and sentenced is a more convenient forum because of the accessibility of evidence, records and witnesses; therefore, district courts in California generally transfer habeas actions questioning state convictions and/or sentences to the district in which the petitioner was convicted and sentenced. Thus, to the extent Petitioner is challenging the Green I judgment, venue is more appropriate in the Northern District of California.[2] See 28 U.S.C. 84(a) (San Mateo County is in the Northern District of California).

**III.
ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within fourteen (14) days of the date of this Order (by no later than February 14, 2025), why the Petition should not be dismissed without prejudice.

Alternately, if Petitioner no longer wishes to pursue this action in this Court, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed for lack of jurisdiction, for failure to comply with the Court's order, and/or for failure to prosecute.

|  | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | | AF | |

---

[2] Additionally, the challenged parole hearing occurred at the Correctional Training Facility in Soledad, California, which is located in Monterey County in the Northern District. 28 U.S.C. § 84(a); see also Woods, 2014 WL 1128430 at *1 n.1 ("Although a petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted, it is generally the practice of the district courts in California to transfer habeas actions challenging parole denials to the district in which the judgment denying parole was entered. Any and all records, witnesses and evidence necessary for the resolution of Petitioner's contentions are available in that court, which in this case is the Northern District of California." (citations omitted)).